## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| DARIMY CRAWFORD,<br><br>    Plaintiff,<br><br>v.<br><br>MANNING & ASSOCIATES SECURITY, LLC, and WAYNE MANNING,<br><br>    Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Darimy Crawford ("Plaintiff") brings this action against Defendants Manning & Associates Security, LLC ("MAS") and Wayne Manning (collectively with MAS, "Defendants"). Plaintiff alleges that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), by failing to pay him overtime wages at one-and-one-half his regular rate when he worked in excess of forty (40) hours per week. Plaintiff seeks unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

Plaintiff shows the Court as follows:

1

**JURISDICTION AND VENUE**

1. Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over this Complaint.

2. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.1 because a substantial part of the events and omissions giving rise to this Complaint occurred within the Atlanta Division of the Northern District of Georgia, where MAS has its principal office and Defendants employed Plaintiff.

**PARTIES**

3. Plaintiff was employed by Defendants as a Security Guard from approximately mid-November 2021 through the end of April 2022.

4. Plaintiff was Defendants' "employee" within the definition of the FLSA at all times relevant to this Complaint.

5. MAS is a Georgia limited-liability company that is licensed to conduct business in Georgia and transacts business within the Northern District of Georgia. MAS may be served with process via its registered agent, "Manning, Wayne L." at 2255 Cumberland Parkway, Building 1900, Suite 1905, Atlanta, Georgia 30339.

6. At all relevant times, MAS has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the

meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and, upon information and belief, had gross annual revenues in excess of $500,000.00 at all relevant times.

7. Defendant Manning is the owner of MAS and conducts business in the Northern District of Georgia.

8. At all relevant times, Defendant Manning was Plaintiff's "employer" within the meaning of the FLSA because Mr. Manning: asserted control of MAS's day-to-day operations; had ultimate responsibility for the supervision of Plaintiff; and made the decision not to pay Plaintiff overtime wages, in violation of the FLSA.

9. At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

## STATEMENT OF FACTS

10. Defendants are in the business of providing security guard services for business entities with which Defendants contract.

11. Defendants employed Plaintiff as a Security Guard from approximately mid-November 2021 through the end of April 2022.

12. Throughout Plaintiff's employment with Defendants, Defendants classified him as a W-2 employee.

13. Defendants assigned Plaintiff to two separate facilities, at which Plaintiff performed services as a Security Guard. These services included, *inter alia*, patrolling the assigned properties, checking in with Defendants each hour, and investigating and reporting any disturbances.

14. From approximately mid-November 2021 until the end of March 2022, Plaintiff worked at the first facility ("Facility No. 1") Monday through Saturday from approximately 4 AM to 8 AM. Because Plaintiff's schedule at Facility No. 1 did not change from week to week, Defendants did not require him to submit timesheets to track his time.

15. Plaintiff also worked at second facility ("Facility No. 2"). Plaintiff recorded his time worked at Facility No. 2 using physical timesheets which were submitted to Defendants.

16. Although Plaintiff's schedule at Facility No. 2 varied somewhat, Plaintiff typically worked Monday, Wednesday, and Friday from approximately 10 AM until between 4 PM and 6 PM. Plaintiff also typically worked at Facility No. 2 on Tuesdays and Thursday from approximately 9 AM until between 5 PM and 7 PM.

17. Plaintiff estimates that he worked between approximately fifty (50) and sixty-five (65) hours per week from approximately mid-November 2021 to the end of March 2022.

18. At approximately the beginning of April 2022 and continuing until the end of his employment with Defendants at the end of April 2022, Plaintiff began working exclusively at Facility No. 2. During that time period, Plaintiff estimates that he worked approximately 45 hours per week.

19. Defendants knew or should have known that Plaintiff worked substantial hours in excess of 40 per week because Defendants had actual knowledge of Plaintiff's work hours, as Plaintiff worked a set schedule with respect to Facility No. 1 and submitted timesheets with respect to Facility No. 2, upon which information Defendants relied in order to pay Plaintiff straight time for all hours worked.

20. Additionally, Defendants had actual knowledge of Plaintiff's hours worked via Defendant Manning's communications with, and supervision of, Plaintiff. These communications included, without limitation, in-person conversations and frequent contact via phone calls and text messages.

21. Further, in approximately late January or early February 2022, Plaintiff asked Defendant Manning about the overtime hours that Plaintiff had been working,

as well as Defendants failure to pay him overtime for all hours worked in excess of 40 each week. Mr. Manning responded that Plaintiff did not and would not receive overtime pay because Plaintiff "didn't do anything," or words to that effect, even though Plaintiff fulfilled all of his duties as a Security Guard.

22. Plaintiff also regularly had to correct the amounts that Defendants paid to him, which corrections were made by referring to the timesheets from Facility No. 2 that Plaintiff had submitted.

23. Throughout the relevant time period, Defendants did not compensate Plaintiff at one-and-one-half times his regular rate for all hours that he worked in excess of 40 per week.

24. None of the exemptions from the FLSA's overtime provisions contained in 29 U.S.C. § 213 applied to Plaintiff at any time during the relevant time period.

25. Defendants' failure to pay Plaintiff one-and-one-half his regular rate for all hours worked in excess of 40 per week was pursuant to a policy and practice of minimizing labor costs by violating the FLSA.

26. Defendants' FLSA violations were willful and not in good faith.

## COUNT ONE
### Willful Failure Pay Overtime Wages in Violation of the FLSA

27. During the relevant time period, Defendants violated the FLSA by failing to pay Plaintiff overtime at a rate of one-and-one-half his regular rate for all hours worked in excess of 40 per week.

28. None of the exemptions from the FLSA's overtime provisions contained in 29 U.S.C. § 213 applied to Plaintiff at any time during the relevant time period.

29. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

30. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

31. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

32. Plaintiff regularly worked substantial hours in excess of 40 per week during the relevant time period. During this time period, Plaintiff estimates that he worked between approximately 50 and 65 hours per week.

33. During the relevant time period, Defendants failed to pay Plaintiff at one-and-one-half his regular rate for all hours worked in excess of 40 per week.

34.     As a result of Defendants' willful failure to compensate Plaintiff at a rate of one-and-one-half his regular rate for hours worked in excess of 40 per week, Defendants violated the FLSA.

35.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

36.     Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

37.     Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages for all of the hours that he worked in excess of 40 per week during the relevant time period, an additional and equal amount as liquidated damages, interest, and his reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b) Application of the FLSA's three-year statute of limitations;

c) An award of unpaid overtime compensation due under the FLSA;

d) An award of liquidated damages;

e) An award of prejudgment and post-judgment interest;

f) An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

g) Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 11th day of August 2022.

> */s/ Michael D. Forrest*
> Michael David Forrest
> Georgia Bar No. 974300
> Justin M. Scott
> Georgia Bar No. 557463
> Scott Employment Law, P.C.
> 160 Clairemont Avenue, Suite 610
> Decatur, Georgia 30030
> Telephone: 678.780.4880
> Facsimile: 478.575.2590
> jscott@scottemploymentlaw.com
> mforrest@scottemploymentlaw.com
>
> Counsel for Plaintiff